LAW OFFICES OF SIMON HARTER, ESQ.
Simon Harter, Esq. (SH-8540)
225 West 34th Street – 9th Floor
New York, New York 10122
Tel: (212) 979-0250
Fax: (212) 979-0251
Email: sharter@harterlaw.com
Attorneys for Plaintiff,
CADDELL DRY DOCK AND REPAIR CO., INC.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
CADDELL DRY DOCK AND REPAIR CO, INC.,      :
                                            :
                            Plaintiff,      :     CASE NO.:
                                            :     **1:20-cv-00685 (EK-LB)**
- against –                                 :
                                            :
BOUCHARD TRANSPORTATION CO., INC.,          :
*in personam*, BARGE B. NO. 280, *in rem*, and :
B. NO. 280 CORP., *in personam*,            :
                                            :
                            Defendants.     :
-------------------------------------------------------------------x

*EX PARTE* **MOTION FOR AN ORDER**
**APPOINTING SUBSTITUTE CUSTODIAN**

  Plaintiff, Caddell Dry Dock and Repair Co., Inc. ("Plaintiff), by and through its undersigned counsel, respectfully requests an Order appointing Plaintiff as Substitute Custodian for the United States Marshal in connection with the arrest of Defendant, BARGE B. NO. 280, in this action. As grounds for this motion, Plaintiff states the following:

1. On February 6, 2020, Plaintiff filed a Verified Complaint pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule C of the Supplemental Admiralty

Rules asserting, *inter alia,* a valid maritime lien for "necessaries" against the Barge B. NO. 280, Official Number 1181626 ("Barge") and praying that the Barge, her engines, tackle, apparel, furniture, equipment and all other necessaries thereunto appertaining and belonging, be arrested, condemned, and sold to pay Plaintiff's demands and claims and for other proper relief.

2. As alleged in Plaintiff's Verified Complaint, this is an action to recover unpaid repair, cleaning, docking and other services, together with prejudgment interest, in custodia legis expenses, reasonably attorney's fees and costs, and any other fees and costs which arise hereafter and are unpaid.

3. The Barge is presently located at Plaintiff's shipyard at 1515 Richmond Terrace, Staten Island, NY 10310, where it has been tied up at a dock for the past approximately six months following completion of repairs and other services Plaintiff provided to the Barge and for which Plaintiff remains unpaid.

4. In the event this Honorable Court grants Plaintiff's Motion for Issuance of Warrant for Vessel Arrest, it is contemplated that the United States Marshal will seize the Barge forthwith. Maintaining custody of the Barge by the United States Marshal will require additional monetary deposits to retain custody and the hiring of a substitute custodian services company, which will result substantial expenditures for the fees and costs usually associated with substitute custodianship of vessels.

5. Plaintiff therefore respectfully requests that it by appointed Substitute Custodian so that once the Barge is arrested by the U.S. Marshal, Plaintiff will be authorized to take custody and control of the Barge.

6. As explained in the Declaration of Proposed Substitute Custodian attached hereto as Exhibit 1, Plaintiff is fully capable of supervising and safely keeping the Barge during the pendency of this action or until otherwise ordered by this Court.

7. The pier at which the Barge has been, and is, docked is not in the direct path of vessel traffic along the Kill Van Kull waterway. At this location, there is minimal risk of damage to the Barge from such vessel traffic.

8. As noted in the Declaration, the entire land-based portion of Plaintiff's facility is surrounded by a perimeter fence. The facility is guarded by a minimum of two guards, twenty-four hours a day. One of the guards is stationed at the gatehouse, which is the only entrance to the facility, and the other patrols the facility.

9. Plaintiff agrees to provide all services necessary for the proper custody and safekeeping of the Vessel during the substitute custodianship.

10. Plaintiff has adequate liability insurance and assets sufficient to respond in damages for loss of or damage to the Barge sustained by third parties due to any negligence on the part of Plaintiff or its employees or agents committed during the period of Plaintiff's substitute custodianship.

11. Allowing Plaintiff to serve as substitute custodian will avoid the expense of hiring an independent custodial service provider. While the Barge will continue to accrue dockage during the period it remains in Plaintiff's

substitute custodianship, Plaintiff will not charge a fee for acting as substitute custodian and will only seek recovery of its costs in doing so as *in custodia legis* expenses.

12. Plaintiff acknowledges that all outstanding bills and costs/expenses incidental to maintaining custody of the Barge during the substitute custodianship will be paid by Plaintiff in the first instance as such *in custodia legis* expenses.

13. Plaintiff understands and accepts that The United States of America, the United States Marshal, their agents, servants, employees, and others for whom they are responsible do not assume any liability or responsibility for any acts of the substitute custodian or any costs incurred incidental to this Court appointed custodianship.

14. Plaintiff agrees to hold harmless and indemnify the United States, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible from any and all claims whatsoever arising out of Plaintiff's possession and keeping of the Barge.

15. Plaintiff further requests that the fees and expenses of the United States Marshal, dockage expenses, and costs incurred by Plaintiff in acting as Substitute Custodian be declared *custodia legis* expenses. *New York Dock Co. v. S.S. Poznan,* 274 U.S. 117, 47 S. Ct. 482, 71 L. Ed. 955 (1927); *P. T. Perusahaan Pelayaran Samudera Trikora Lloyd v. Salzachtal,* 373 F. Supp. 267,284 (E.D.N.Y. 1974) ("In the interests of equity and justice, and to prevent unjust enrichment, the Court may permit custodial liens to be created and, if necessary, paid in priority to pre-custodial

4

liens for such expenses which have contributed to the preservation of the ship in its custody.").

16. A proposed form of Order is attached hereto as Exhibit 2.

WHEREFORE, in accordance with the representations set forth herein and in the accompanying declaration, Plaintiff requests this Honorable Court to enter an Order appointing Plaintiff as the substitute custodian for the Barge and directing the United States Marshal of this District to surrender the possession and custody of the Barge to Plaintiff, by and through its authorized representatives, and that upon such surrender, the United States Marshal be discharged from his duties and responsibilities for the safekeeping of the Barge and Plaintiff's substitute custodianship of the Barge for the pendency of this action or until otherwise ordered by the Court.

Dated: February 10, 2020

Respectfully submitted,
LAW OFFICES OF SIMON HARTER, ESQ.
Attorneys for Plaintiff, CADDELL DRY DOCK AND REPAIR CO., INC.

By:

/s/ Simon Harter
Simon Harter, Esq. (SH-8540)
225 West 34th Street – 9th Floor
New York, New York 10122
Tel: (212) 979-0250
Fax: (212) 979-0251
Email: sharter@harterlaw.com