LAW OFFICES OF SIMON HARTER, ESQ.
Simon Harter, Esq. (SH-8540)
225 West 34th Street – 9th Floor
New York, New York 10122
Tel: (212) 979-0250
Fax: (212) 979-0251
Email: sharter@harterlaw.com
Attorneys for Plaintiff,
CADDELL DRY DOCK AND REPAIR CO., INC.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
CADDELL DRY DOCK AND REPAIR CO, INC.,    :
                                          :
                        Plaintiff,        :       CASE NO.:
                                          :
    - against –                           :       **1:20-CV-00685 (EK-LB)**
                                          :
BOUCHARD TRANSPORTATION CO., INC.,        :
*in personam*, BARGE B. NO. 280, *in rem*, and :
B. NO. 280 CORP., *in personam*,          :
                                          :
                        Defendants.       :
---------------------------------------------------------------x

## DECLARATION OF PROPOSED SUBSTITUTE CUSTODIAN

I, Steven P. Kalil, am the authorized agent of Plaintiff, Caddell Dry Dock and Repair Co., Inc, and in support of the Motion for Appointment of Substitute Custodian, declare as follows:

1. I am the President of Plaintiff, Caddell Dry Dock and Repair Co., Inc., the proposed substitute custodian in this case. I am competent to make this declaration and make it from my personal knowledge.

2. The Defendant, BARGE B. NO. 280, her engines, apparel, furniture, equipment, appurtenances, tackle, etc. ("Barge"), sued *in rem*, is presently within this Judicial District. The Barge is presently located at Caddell's facility at 1515 Richmond Terrace, Staten Island, NY 10310, where it has been tied up at a dock for the past approximately six months following completion of repairs and other services Caddell provided to the Barge and which remain unpaid.

3. I respectfully request that Caddell by appointed Substitute Custodian so that once the Barge is arrested by the U.S. Marshal, Caddell will be authorized to take custody and control of the Barge.

4. Plaintiff is fully capable of supervising and safely keeping the Barge during the pendency of this action or until otherwise ordered by this Court.

5. The pier at which the Barge has been, and is, docked is not in the direct path of vessel traffic along the Kill Van Kull waterway. At this location, there is minimal risk of damage to the Barge from such vessel traffic.

6. The entire land-based portion of Caddell's facility is surrounded by a perimeter fence. The facility is guarded by a minimum of two guards, twenty-four hours a day. One of the guards is stationed at the gatehouse, which is the only entrance to the facility, and the other patrols the facility.

7. Caddell agrees to provide all services necessary for the proper custody and safekeeping of the Vessel during the substitute custodianship.

8. Caddell has adequate liability insurance and assets sufficient to respond in damages for loss of or damage to the Barge sustained by third parties due to any negligence on the part of Caddell or its employees or agents committed during the period of Caddell's substitute custodianship.

9. Allowing Caddell to serve as substitute custodian will avoid the expense of hiring an independent custodial service provider. While the Barge will continue to accrue dockage during the period it remains in Caddell's substitute custodianship, Caddell will not charge a fee for acting as substitute custodian and will only seek recovery of its costs in doing so as *in custodia legis* expenses.

10. Caddell acknowledges that all outstanding bills and costs/expenses incidental to maintaining custody of the Barge during the substitute custodianship will be paid by Caddell in the first instance as such *in custodia legis* expenses.

11. Caddell understands and accepts that The United States of America, the United States Marshal, their agents, servants, employees, and others for whom they are responsible do not assume any liability or responsibility for any acts of the substitute custodian or any costs incurred incidental to this Court appointed custodianship.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of February 2020.

_____
STEVEN P. KALIL