LAW OFFICES OF SIMON HARTER, ESQ.
Simon Harter, Esq. (SH-8540)
225 West 34th Street – 9th Floor
New York, New York 10122
Tel:  (212) 979-0250
Fax: (212) 979-0251
Email: sharter@harterlaw.com
Attorneys for Plaintiff,
CADDELL DRY DOCK AND REPAIR CO., INC.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
CADDELL DRY DOCK AND REPAIR CO, INC.,      :
                                           :
                          Plaintiff,       :
                                           :   **CASE NO.**
- against –                                :   1:20-cv-00685 (EK-LB)
                                           :
BOUCHARD TRANSPORTATION CO., INC.,         :
*in personam*, BARGE B. NO. 280, *in rem*, and  :
B. NO. 280 CORP., *in personam*,           :
                                           :
                          Defendants.      :
-----------------------------------------------------------------x

## DECLARATION OF SIMON HARTER, ESQ.

I, Simon Harter, Esq., attorney for Plaintiff /Substitute Custodian, CADDELL

DRY DOCK AND REPAIR CO., INC. ("Plaintiff"), respectfully submit this declaration in

support of Plaintiff's *Ex Parte Motion for an Order Deputizing Steven P. Kalil to Act in*

*Lieu of U.S. Marshal in Serving Warrant of Arrest of Barge B. No. 280*.  Pursuant to 28

U.S.C. §1746, I declare as follows:

1.  I am a member of the Bar of this Honorable Court and have been practicing

    maritime law for 33 years. During the course of my practice, I have been

    involved in numerous vessel arrest actions.  I submit this Declaration from

    my personal knowledge, except as to the information below regarding

Defendant, BOUCHARD TRANSPORTATION CO., INC., which I obtained from court records, U.S. Coast Guard notices, and media reports.

2. Plaintiff brings this action to seek recovery of $928,516.50 in unpaid repairs, cleaning, dockage, and other services provided to Defendant, BARGE N. NO. 280, in rem ("Barge"). *See* Verified Complaint [*Docket No. 1*].

3. For the reasons which follow, Plaintiff respectfully requests that this Court issue an order deputizing Steven P. Kalil, President of Plaintiff, for the sole purpose of serving the Warrant to Seize A Vessel issued in this matter on February 13, 2020 [Docket No. 13] ("Warrant").

## PROCEDURAL HISTORY

4. On February 13, 2020, this Court entered an Order Authorizing Issuance of Warrant of Vessel Arrest [*Docket No. 11*] for the Defendant, BARGE B. NO. 280, in rem ("Barge").

5. In accordance with the Order, the Clerk of Court issued the Warrant, referenced above, directing the U.S. Marshals Office to arrest the Barge.

6. On the same date, this Court issued a further Order Appointing Plaintiff as Substitute Custodian [*Docket No. 12*], whereby upon arrest of the Barge by the US Marshals Service, Plaintiff would assume responsibility for the care and custody of the Barge for the period the Barge remains under arrest.

7. The following day, February 14, 2020, I attended at the US Marshals Service's offices to submit the necessary paperwork for the Marshall to arrest the Vessel.  When I asked about the required deposit, I was told by the person assisting me that neither he nor anyone else then present would be able to

advise me of the required deposit. He explained that Ms. Minerva Maldonado, the individual in the Marshals office who coordinates vessel arrests and who could tell me the required amount, would not be returning to the office until Tuesday, February 17, 2020.

8. I returned to the Marshals office on February 17, 2020 and spoke with Ms. Maldonado. I paid the required deposit of $3,000.00 and asked Ms. Maldonado about the timing of the arrest. Ms. Maldonado, having just returned to the office, kindly indicated that although she was engaged in answering her accumulated emails, she would review the arrest papers as soon as possible and get back to me.

9. There followed an exchange of correspondence with Ms. Maldonado which is attached hereto as **EXHIBIT 1**. As can be seen, yesterday morning, Ms. Maldonado advised me as follows:

> *We generally try to schedule a vessel arrest within a week or two once the documents and deposit are received, however, there are three active vessel arrest cases at the moment in our District.*
>
> *To schedule the arrest I will need a set of dates where you and the substitute custodian are available the first and second weeks of March. The substitute custodian and the plaintiff attorney must be present the day of the arrest. I will then pass this information along to the supervisor so he can schedule it.*

10. I replied to Ms. Maldonado, noting her indication that there are three active vessel arrest cases at the moment, and respectfully inquiring why that fact would delay the arrest of the Barge for up to nearly a month from now.

11. In response, Ms. Maldona explained as follows:

> *The US Marshals Service is responsible for judicial security, fugitive apprehension, prisoner transportation as well as executing civil matters. As*

3

*I explained in my previous email, there are 2 additional vessel arrest cases the District is working on and these cases are executed in the order they are received. Any civil case that requires the Deputies to travel to a location requires coordination with a supervisor. I instructed you to provide availability for the first/second weeks of March which is 2 weeks from today in an attempt to get the ball rolling.*

12. I replied by noting that "I fully understand, and appreciate, that the Marshals Office has many, important responsibilities" and that I would provide dates of availability. In the final email in **EXHIBIT 1**, I provided those dates.

## EXIGENT CIRCUMSTANCES

13. Defendant, Bouchard Transportation Co., Inc., ("Bouchard"), the party who ordered the various services rendered by Plaintiff to the Barge, appears to be in very severe financial difficulty. Numerous lawsuits for similar unpaid debts are currently pending against Bouchard and numerous other vessels in this District, the Southern District of New York, the District of New Jersey, the Eastern District of Louisiana, the Southern and Western Districts of Texas, the Southern District of Mississippi, the District of Delaware, the District of Maryland, and the Southern District of Florida.

14. Bouchard is also subject to Captain of the Port Orders issued by the United States Coast Guard in New York and Texas as a result of insufficient maintenance and crewing of numerous Bouchard vessels.

15. On July 11, 2020, several Bouchard crewmembers filed claims for unpaid wages against Bouchard in the Southern District of New York in *Bailey v. Bouchard Transportation Co., Inc*., 1:20-cv-0217.

16. Plaintiff is gravely concerned about the possibility that a bankruptcy filing

4

by Bouchard is imminent.   Upon the arrest of the Barge, Plantiff will become a secured creditor for its claims.   Until the arrest is made, however, Plaintiff is merely an unsecured creditor.   Given the great magnitude of claims pending against Bouchard, should Bouchard seek bankruptcy protection before the Barge is arrested, the chances of Plaintiff being made whole are extremely unfavorable.

### AUTHORITY TO DEPUTIZE

17. This Court has the inherent authority to deputize an individual to serve a warrant for the arrest of a vessel when the US Marshals Service is unable to do so in a

18. Individuals have been deputized to serve vessel arrest warrants in *Dry Bulk Singapore Pte Ltd., v. Amis Integrity S.A.*, 3:19-cv-01671-BR (Oct. 17, 2019, D. Or.); *Chemoil Corporation v. M/V DARYA VISHNU*, 2014 A.M.C. 371, 2013 WL 6328829 *4 (Dec. 5, 2013, W.D. Wash.)(rejecting vessel owner's argument that appointment of individual to serve warrant of arrest was wrongful); *Trans-Tec Services, Inc. v. M/V CELESTINA*, 3:13-cv-5494 (Oct. 11, 2013, D. Md.); *ATS International Services, Inc. v. Kousa International, LLC*, Civil Action No. RDB 12-2525 (Aug 23, 2012, D. Md); *Williamette Production Credit Ass'n v. Kenneth E. Staffenson*, 1985 A.M.C. 1511, 1984 WL 1793 *1 (D. Or. 1984). (collected at **EXHIBIT 2)**.

19. Similarly, in this District, the Court in *Hartman Yacht Maintenance Inc. v. M/Y DOC HOLLIDAY*, 19-cv-03502 (SJF-AKT), entered an order authorizing the substitute custodian to "temporarily seize and secure" the

subject vessel until such time as the US Marshal was able to arrest the vessel five days later.  *See* Status Report, July 8, 2019 [Docket No. 17], appended here as **EXHIBIT 3**.

## **CONCLUSION**

20. For the foregoing reasons, Plaintiff, CADDELL DRY DOCK AND REPAIR CO., INC., respectfully requests that this Court enter an order deputizing Mr. Steven P. Kalil, President of Plaintiff, for the sole purpose of acting in lieu of the U.S. Marshal in serving the Warrant for the arrest of the Barge.

21. Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of February 2020.


/s/ Simon Harter
SIMON HARTER, ESQ.

EXHIBIT 2

Case 1:20-cv-00685-EK-LB Document 15-1 Filed 03/20/20 Page 8 of 26 PageID #: 76
Chemoil Corp. v. M/V DARYA VISHNU, Not Reported in F.Supp.2d (2013)
2013 WL 6328829, 2014 A.M.C. 371

2013 WL 6328829
Only the Westlaw citation is currently available.
United States District Court, W.D. Washington,
at Tacoma.

CHEMOIL CORPORATION, Plaintiff,

v.

M/V DARYA VISHNU, its engines,
tackle and apparel, Defendant in Rem.

No. C13–5494 RBL.
|
Dec. 5, 2013.

**Attorneys and Law Firms**

J. Stephen Simms, M. Scotland Morris, Simms Showers LLP,
Baltimore, MD, James F. Whitehead, III, Seattle, WA, for
Plaintiff.

Eric R. McVittie, Markus B. G. Oberg, Legros Buchanan &
Paul, Seattle, WA, for Defendant in Rem.

ORDER GRANTING MOTION
TO DISMISS COUNTERCLAIM

RONALD B. LEIGHTON, District Judge.

## I. INTRODUCTION

**\*1** THIS MATTER is before the Court on Plaintiff Chemoil
Corporation's Motion to Dismiss Defendant *in rem* M/V
Darya Vishnu's counterclaim for wrongful arrest [Dkt. #
28]. Chemoil supplied the Darya Vishnu with $582,556.65
worth of bunker fuel, which has not been paid for. When
the balance became overdue, Chemoil obtained a warrant
to arrest the vessel while it was harbored in Longview,
Washington. Although no arrest was made because Vishnu
Shipping Limited ("Vishnu"), the vessel owner, posted a bond
with the Court, Vishnu claims it was wrongfully arrested
because Chemoil did not have a maritime lien and a non-
U.S. Marshal was deputized to serve the arrest warrant.
Chemoil argues that the counterclaim should be dismissed
because it fails to allege facts showing it acted in bad faith.
For the following reasons, Chemoil's Motion to Dismiss the
Counterclaim is **GRANTED**.

## II. BACKGROUND

In April 2013, STX Corporation sought to purchase fuel for
the Darya Vishnu, a tanker it was chartering. On April 4,
2013, it sent an order to Chemoil Corporation's Korea office
to purchase bunker fuel that would be delivered to the Darya
Vishnu in Panama. The order specified that the sellers' terms
and conditions would not apply to the order. The next day,
Chemoil emailed STX Corporation an Order Confirmation
detailing the purchase. It listed Chemoil Corporation as the
seller, STX Corporation as the buyer, and the Darya Vishnu
as the ship. It also included Chemoil's Sales Terms and a
link to Chemoil's General Terms and Conditions. The Terms
and Conditions included a clause that the fuels delivered by
Chemoil were being "sold and delivered on the financial
credit of the vessel being supplied" and the promise of the
buyer to pay. [Dkt. # 1, Ex. C]. It noted that Chemoil "shall
have the right to assert a maritime lien, attachment, or claim
against the Vessel" should the buyer fail to pay. [*Id.*]. The
Terms and Conditions specified that the buyer should notify
Chemoil if the creation of a maritime lien on the vessel
was prohibited through another contract, such as a charter
agreement, and that such a prohibition would require upfront
payment for the fuel. [*Id.*]. Chemoil required the buyer to give
notice of a no-lien provision within 24 hours of receipt of the
Order of Confirmation. [Dkt. # 1, Ex. B].

On April 19, 2013, the Darya Vishnu arrived in Panama to
refuel. Vishnu alleges that, prior to receiving the fuel, the
master of the Darya Vishnu presented the bunker supplier
with a letter indicating that Chemoil Corporation did not
have a maritime lien over the vessel because Vishnu's charter
agreement with STX Corporation prohibited any such liens.
Chemoil Latin America, Inc. (a separate legal entity from
Chemoil Corporation) proceeded to supply the fuel to the
vessel, and the Darya Vishnu left port the next day.

On June 18, 2013, two months after the Darya Vishnu
received the fuel and one month after payment was due,
counsel for Chemoil notified STX Corporation and Vishnu
that payment for the fuel was overdue. [Dkt. # 1, Ex. G].
The notice said that if Chemoil did not receive payment
immediately, it would seek to arrest the Darya Vishnu
at its next arrival at Longview, Washington. Counsel for
Vishnu responded to the email, pointing to the "no-lien"
letter supplied to Chemoil Latin America, saying that STX
Corporation was responsible for payment and that any arrest

Case 1:20-cv-00685-EK-LB   Document 15-1   Filed 03/20/20   Page 9 of 26 PageID #: 77
Chemoil Corp. v. M/V DARYA VISHNU, Not Reported in F.Supp.2d (2013)

2013 WL 6328829, 2014 A.M.C. 371

of the Darya Vishnu would be wrongful. [*Id.*]. Chemoil did not receive payment for the fuel.

**\*2** On June 20, 2013, Chemoil sought an arrest warrant from the Court, which the Court issued the same day. [Dkt. # 10]. The next day, after receiving word from the U.S. Marshal's Office that it would be unable to serve the warrant for arrest due to being understaffed, Chemoil filed a motion to deputize James W. Scheel, a Portland, Oregon, legal process server, as a U.S. Marshal for the sole purpose of serving the arrest warrant on the Darya Vishnu. After speaking with the U.S. Marshal's Office, the Court granted the motion. [Dkt. # 17]. Before the arrest warrant could be served, Vishnu's protection and indemnity insurer provided Chemoil with a Letter of Undertaking, through which the vessel owners agreed to post security by way of a surety bond in the amount of $614,412.31. [1] The bond was filed with the Court, and the vessel was never arrested. [Dkt. # 21].

In its Answer [Dkt. # 24], Vishnu asserted a counterclaim for wrongful arrest. It argues that Chemoil wrongfully secured an order from the Court for the arrest of the vessel with full knowledge that it did not have a maritime lien on the vessel. The basis for this claim is the letter it alleges it supplied to the bunker supplier in Panama. It also argues that Chemoil wrongfully secured a Court order for the arrest of the vessel when it had knowledge that a non-U.S. Marshal would be serving the arrest warrant, because only a U.S. Marshal is authorized to arrest a vessel under Fed.R.Civ.P., Supp. Admiralty R. C(3)(b)(i).

Chemoil seeks dismissal of the counterclaim, arguing that none of its actions were taken in bad faith, with malice, or with gross negligence (a requirement for a wrongful arrest claim), and that it had no knowledge of the letter until counsel for Vishnu provided it in June 2013.

## III. DISCUSSION

### A. Motion to Dismiss Standard
Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990). A complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true the Complaint's wellpled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County,* 487 F.3d 1246, 1249 (9th Cir.2007); *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly* ).

### B. Wrongful Arrest
**\*3** "The arrest of a vessel in admiralty is an inconvenience to which the owners must submit as one caused by the exercise of a legal right on the part of the plaintiff." *Stevens v. F/V Bonnie Doon,* 655 F.2d 206, 209 (9th Cir.1981) (citations omitted). To recover damages for a wrongful arrest, the attachment must be by bad faith, malice, or gross negligence. *Id.; Frontera Fruit Co. v. Dowling,* 91 F.2d 293, 297 (5th Cir.1937) ("The gravamen of the right to recover damages for wrongful seizure or detention of vessels is the bad faith, malice, or gross negligence of the offending party."). The law of wrongful arrest has been analogized to that of malicious prosecution:

> Where citizens reasonably disagree concerning their rights, powers, and privileges, the doors should be kept open for an orderly determination of their differences. [T]he advice of competent counsel, honestly sought and acted upon in good faith is alone a complete defense to an action for malicious prosecution. The same

Case 1:20-cv-00685-EK-LB   Document 15-1   Filed 03/20/20   Page 10 of 26 PageID #: 78

principle controls [in cases alleging wrongful arrest of a vessel.]

📖 *Frontera Fruit Co.,* 91 F.2d at 297. Absent a finding that Chemoil had the Darya Vishnu arrested in bad faith, with malice, or with gross negligence, the claim for wrongful arrest cannot stand.

Vishnu has failed to allege facts showing that Chemoil acted in bad faith, with malice, or with gross negligence either in obtaining an arrest warrant for the Darya Vishnu or in obtaining an Order from this Court deputizing a private legal process server to serve the arrest warrant. STX Corporation ordered fuel from Chemoil Corporation, which Chemoil Latin America supplied to the Darya Vishnu in Panama. Two months later, Chemoil had not been paid. As a means to procure payment, Chemoil approached this Court to obtain a warrant to arrest the very vessel it had supplied with the fuel in Panama. The parties do not dispute that the Darya Vishnu received nearly $600,000 of fuel from Chemoil or that the fuel has not been paid for. The only dispute is whether Chemoil in fact had a maritime lien on the Darya Vishnu (and thus the right to obtain an arrest warrant). Chemoil's honest belief that it had a maritime lien over the vessel that it supplied the fuel to does not amount to bad faith, malice, or gross negligence, even if that belief turns out to be incorrect.

Vishnu's arguments are not persuasive. It argues that Chemoil was not a party to the underlying transaction of the sale and purchase of fuel, yet the Order Confirmation and Invoice both list Chemoil Corporation as the seller. [Dkt. # 1, Exs. B, F]. It argues that Chemoil *knew* it did not have a maritime lien on the vessel because the master of the Darya Vishnu gave Chemoil Latin America a letter saying as much just before the fuel was bunkered on the vessel. The parties disagree as to whether giving the letter to Chemoil Latin America—a separate legal entity—could put Chemoil Corporation on notice. But even if it could, Chemoil Corporation asserts that this letter does not constitute notice under the Chemoil Terms and Conditions, which it contends governs this fuel purchase. Under the Chemoil Terms, Chemoil requires that the fuel be paid for in advance if there is a no-lien clause placed on the vessel from a charterer. [Dkt. # 1, Ex. C]. Notice of a no-lien clause is required by the buyer within 24 hours of receiving

the order confirmation. [Dkt. # 1, Ex. B]. This is a practical requirement, as Chemoil does not want unpaid fuel sailing away from port without any means to recover its cost. Perhaps Chemoil erred this time, and its Terms and Conditions do not apply to this contract. Perhaps STX Corporation and the Darya Vishnu left Panama with unpaid and unsecured fuel. But this is precisely the dispute, and it is not bad faith for Chemoil to seek to procure payment through a maritime lien it honestly believes it possesses.

**\*4** Chemoil also did not act in bad faith, with malice, or with gross negligence when it obtained an Order from this Court deputizing a private legal process server to arrest the vessel. For one, the vessel was never arrested, as Vishnu agreed to post a bond with the Court as a means to keep the vessel on schedule. But more specifically, that the Court issued the Order cannot be construed as bad faith on the part of the party who brought the motion. The U.S. Marshals Office informed Chemoil and the Court that it would be unable to serve the warrant due to a staff shortage. Rather than deprive Chemoil of its alleged right to have the vessel arrested, the Court fashioned a practical solution to the problem caused by the U.S. Marshals' unavailability. Similar solutions have been fashioned in other times of U.S. Marshals' unavailability. *Willamette Production Credit Ass'n v. Staffenson,* No. 84–736–RE, 1984 WL 1793 (D.Or. October 4, 1984); Dkt. # 36, Reply at 12, Order, *Trans–Tec Services, Inc. v. M/V CELESTINA,* 1:01–cv–02819, ECF No. 8 (granting substitute process ten days after the September 11, 2001 terrorist attacks). Because Vishnu has failed to plead facts showing that Chemoil acted in bad faith, with malice, or with gross negligence, Chemoil's Motion to Dismiss is GRANTED.

## IV. CONCLUSION

Chemoil's Motion to Dismiss the counterclaim [Dkt. # 28] is **GRANTED.** Vishnu's counterclaim is **DISMISSED WITH PREJUDICE.**

**All Citations**

Not Reported in F.Supp.2d, 2013 WL 6328829, 2014 A.M.C. 371

2013 WL 6328829, 2014 A.M.C. 371

## Footnotes

1    This figure includes the cost of the fuel plus interest and other costs.

**End of Document**                                    © 2020 Thomson Reuters. No claim to original U.S. Government Works.

**David R. Boyajian**, OSB #112582
Email: dboyajian@schwabe.com
**Kent Roberts**, OSB #801010
Email: ckroberts@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| DRY BULK SINGAPORE PTE. LTD. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 3:19-cv-1671 |
| v. | ) | |
| | ) | IN ADMIRALTY |
| Amis Integrity S.A. *in personam* and | ) | |
| M/V AMIS INTEGRITY (IMO 9732412) | ) | |
| her engines, freights, apparel, | ) | |
| appurtenances, tackle, etc., *in rem,* | ) | |
| | ) | |
| Defendant. | | |

## ORDER DEPUTIZING CALEY KARRICK TO SERVE WAR OF ARREST ON BEHALF OF THE US MARSHALL

Upon the Motion of Plaintiff, DRY BULK SINGAPORE PTE. LTD., for to deputize Caley

Karrick to serve the Warrant of Arrest issued by this Court on the vessel AMOS INTEGRITY, on

behalf of the United States Marshal, and good cause appearing therefore, it is hereby:

Page 1 -    ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

ORDERED that Plaintiff's Motion is granted, and Caley Karrick is hereby deputized to serve the Warrant of Arrest issued by this Court on the M/V AMIS INTEGRITY (IMO 9732412), on behalf of the US Marshall for the District of Oregon, and it is further

ORDERED that Caley Karrick shall report the results of the arrest to the US Marshall for the District of Oregon and file a return of service with this Court following service of the Warrant of Arrest.

SIGNED at Portland, Oregon this 17th day of October, 2019.

UNITED STATES DISTRICT COURT JUDGE

**Presented by:**

David R. Boyajian, OSB #112582
Email: dboyajian@schwabe.com
Kent Roberts, OSB #801010
Email: ckroberts@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

*Attorneys for Plaintiff*

Page 3 -    ORDER

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

TRANS-TEC SERVICES, INC.,

                         *                Civil Action No.

     v.                        *

M/V CELESTINA                 *            IN ADMIRALTY
her engines, freights, tackle
 and apparel,                     *

     Defendant in rem.        *

*     *     *     *     *     *     *     *     *     *     *     *:

## ORDER GRANTING MOTION FOR SERVICE OF
## ARREST WARRANT BY PRIVATE PROCESS SERVICE

Upon considering plaintiff's motion for an Order that the warrant for arrest of the Vessel

issued herein be served by private process, this Court:

GRANTS the motion, and ORDERS that, plaintiffs' counsel, J. Stephen Simms, W.

Charles Bailey, Jr. or their designate, is appointed to effect service of the warrant in place of the

United States Marshal; and further

ORDERS that plaintiffs shall bear all costs of service and promptly cause a return of

service to be filed with this Court and report filed with the Marshal.

SO ORDERED September 21, 2001.

_____
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

ATS International Services, Inc.                    *

     Plaintiff,                                    *          Civil Action No. RDB 12-2525

v.                                                  *

Kousa International, LLC, *et al.,*                  *

     Defendant and Garnishees.                     *

    *    *    *    *    *    *    *    *    *    *    *    *

## ORDER GRANTING MOTION FOR APPOINTMENT FOR
## SERVICE OF WRITS OF MARITIME GARNISHMENT

Plaintiff having moved for an Order pursuant to Fed. R. Civ. P. 4 ( c)(2), Supplemental

Rule B(1)(c)(ii) and Supplemental Rule C(3)(b)(ii) appointing J. Stephen Simms or any other

qualified person appointed by him, to serve the warrant of arrest, process of maritime

garnishment and any supplemental process in this matter, and it appearing that such appointment

will result in substantial economies in time and expense,

NOW, on motion of Plaintiff, it is hereby,

ORDERED, that J. Stephen Simms or any other person at least 18 years of age and not a

party to this action, appointed by him be and hereby is, appointed to serve the Warrant of Arrest

and Process of Maritime Attachment, and a copy of the Verified Complaint as issued in this case.

DONE AND ORDERED this 23rd day of August, 2012.

*[signature]*

UNITED STATES DISTRICT JUDGE

Case 1:20-cv-00685-EK-LB Document 15-1 Filed 02/20/20 Page 16 of 26 PageID #: 84
Willamette Production Credit Ass'n v. Staffenson, Not Reported in F.Supp. (1984)
1985 A.M.C. 1511

1984 WL 1793
United States District Court, D. Oregon.

WILLAMETTE PRODUCTION
CREDIT ASSOCIATION, Plaintiff,
v.
KENNETH E. STAFFENSON and W. JEAN
STAFFENSON, individually; ARCTIC SEA,
INC.; F/V JULEAN, INC.; and JULEAN II
FISHERIES, INC., in personam; and the Oil
Screw ARTIC SEA, Official No. 527 001, her
engines, tackle, etc.; the Oil Screw JULEAN,
Official No. 297 236, her engines, tackle, etc.;
and the Oil Screw JULEAN II, Official No. 536
809, her engines, tackle, etc., in rem, Defendants.

Civil No. 84–736–RE.
|
October 4, 1984.

**Attorneys and Law Firms**

C. Kent Roberts Parks, Montague, Allen & Greif 1200
Jackson Tower Portland, Oregon 97205, for plaintiff.

Floyd A. Fredrickson Williams, Fredrickson, Stark, Hiefield,
Norville & Weisensee, P.C. 775 Boise Cascade Building 1600
S.W. Fourth Avenue Portland, Oregon 97201, for defendant
ARCTIC SEA.

William F. White Six Ten S.W. Alder, Suite 400 Portland,
Oregon 97205, for intervening plaintiff, YAQUINA BAY
MARINE SUPPLY, INC.

ORDER

REDDEN, Judge:

*1  This is an action to foreclose preferred ship mortgages.
Defendant G.L. Garza, owner of the vessel ARTIC SEA, has
requested that the court vacate the order arresting the vessel.

On August 22, 1984, the court issued an Order authorizing
the sheriff of Coos County, Oregon to arrest the ARTIC SEA.

The Order was issued in response to plaintiff's assertion that
the United States Marshal had no available personnel and that
the warrant of arrest and process 'must be served before the
vessel departs Coos Bay.'

At the hearing on this matter, counsel for defendant Garza
abandoned certain of his challenges to the arrest order. As
noted at the hearing, those challenges would not require that
the arrest order be vacated in any event. Plaintiff is entitled to
cure a deficient verification by amending its complaint. See,
e.g., Amstar Corp. v. Alexandros T., 1977 AMC 537 (D. Md.
1977). The absence of my signature from the copy of the arrest
order left on the vessel is also an insufficient reason to vacate
the arrest order.

Defendant's remaining argument is that only the federal
marshal may execute process. The Federal Rules of Civil
Procedure apply in cases of maritime attachment except
to the extent they are inconsistent with the Supplemental
Rules governing admiralty claims. See Fed. R. Civ. P. A
(Supplemental Rules for Admiralty and Maritime Claims);

Alyeska Pipeline Service Co. v. Vessel BAY RIDGE, 703
F.2d 381 (9th Cir. 1983). Fed. R. Civ. P. 4(c)(1) provides
for service of process by a marshal 'or by a person specially
appointed for that purpose.' Defendant correctly points out
that the relevant provisions of the Supplemental Rules only
refer to service by the marshal.

Proposed amendments to the Supplemental Rules would
make it clear that service must be made by a marshal. See
Culp, Charting a New Course: Proposed Amendments to the
Supplemental Rules for Admiralty Arrest and Attachment, 15
J. Mar. L. & Com. 387–89 (1984). I conclude, however, that
Fed. R. Civ. P. 4(c)(1) is consistent with the Supplemental
Rules in their present form, and that service of process by the
sheriff of Coos County is permissible under the circumstances
of this case. See 7A J. Moore & A. Pelaez, Moore's Federal
Practice ¶ E.07 (2d ed. 1983).

IT IS THEREFORE ORDERED that defendant's motion to
vacate the arrest of the ARCTIC SEA is DENIED.

**All Citations**

Not Reported in F.Supp., 1984 WL 1793, 1985 A.M.C. 1511

---

**End of Document**                    © 2020 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 1

**Simon Harter <sharter@harterlaw.com>**                                   2/19/2020 9:40 PM

# Fwd: RE: Caddell Dry Dock and Repair Co. v. Bouchard Transportation Co., Inc 1:20-cv-00685

To Maldonado, Minerva (USMS) <minerva.maldonado@usdoj.gov>   Copy
Jeff Nuccetelli <jeff.nuccetelli@usdoj.gov>

Dear Ms. Maldonado:

I refer to our previous correspondence copied below.

Mr. Steven Kalil, President of Caddell Dry Dock and Repair Co., Inc. (Plaintiff and Substitute Custodian) and I, as counsel for Plaintiff, are available every date during the first two weeks of March except March 4, 2020.

If you would kindly advise the date selected for service of the warrant of arrest,  I will immediately advise Mr. Kalil.

Thank you for your kind attention and assistance.

Respectfully,
Simon Harter

**LAW OFFICES OF SIMON HARTER, ESQ.**
New Jersey Office
30 Nassau Street – Suite 460 , Princeton, New Jersey 08542
Tel: 609.688.8330 / Fax: 609.688.8331
New York Office
225 West 34th Street – 9th Floor, New York, New York 10122
Tel: 212.979.0250 / Fax: 212.979.0251

Emergency Contact: 609.577.4853
Website:  www.harterlaw.com

Confidential Communication
This communication, including any attachments, may be subject to attorney-client privilege and/or attorney work-product protection. If you are not the intended recipient, please contact us immediately by return email or at the telephone numbers indicated above. Any unauthorized use, dissemination, distribution or reproduction of this message by unintended recipients may be unlawful.  Thank you for your kind cooperation.

---------- Original Message ----------
From: Simon Harter <sharter@harterlaw.com>
To: "Maldonado, Minerva (USMS)" <Minerva.Maldonado@usdoj.gov>
Date: February 19, 2020 at 5:11 PM
Subject: RE: Caddell Dry Dock and Repair Co. v. Bouchard Transportation Co., Inc 1:20-cv-00685

Dear Ms. Maldonado -

Please know that I fully understand, and appreciate, that the Marshals Office has many, important responsibilities.  I hope that was reflected in my demeanor when we met on Tuesday.

I have asked the Substitute Custodian for his available dates in the first two weeks of March and will reply to you, with his available dates and mine, as soon as I hear back from him.

Thank you.

Respectfully,

Simon Harter

**LAW OFFICES OF SIMON HARTER, ESQ.**

New Jersey Office

30 Nassau Street – Suite 460 , Princeton, New Jersey 08542

Tel: 609.688.8330 / Fax: 609.688.8331

New York Office

225 West 34th Street – 9th Floor, New York, New York 10122

Tel: 212.979.0250 / Fax: 212.979.0251

Emergency Contact: 609.577.4853

Website:  www.harterlaw.com

Confidential Communication

This communication, including any attachments, may be subject to attorney-client privilege and/or attorney work-product protection. If you are not
the intended recipient, please contact us immediately by return email or at the telephone numbers indicated above. Any unauthorized use,
dissemination, distribution or reproduction of this message by unintended recipients may be unlawful.  Thank you for your kind cooperation.

On February 19, 2020 at 4:23 PM "Maldonado, Minerva (USMS)" <Minerva.Maldonado@usdoj.gov> wrote:

Mr. Harter,

The US Marshals Service is responsible for judicial security, fugitive apprehension, prisoner
transportation as well as executing civil matters. As I explained in my previous email, there are
2 additional vessel arrest cases the District is working on and these cases are executed in the
order they are received. Any civil case that requires the Deputies to travel to a location requires
coordination with a supervisor. I instructed you to provide availability dates for the first/second
weeks of March which is 2 weeks from today in an attempt to get the ball rolling.

Respectfully,

Minerva Maldonado

Assistant Administrative Officer

United States Marshals Service

Eastern District of New York

Office (718) 473-3011

*-Enjoy the little things-*



Case 1:20-cv-00685-EK-LB   Document 15-1   Filed 02/20/20   Page 20 of 26 PageID #: 88

**From:** Simon Harter [mailto:sharter@harterlaw.com]
**Sent:** Wednesday, February 19, 2020 3:35 PM
**To:** Maldonado, Minerva (USMS) <MMaldonado@usms.doj.gov>
**Subject:** RE: Caddell Dry Dock and Repair Co. v. Bouchard Transportation Co., Inc 1:20-cv-00685

Dear Ms. Maldonado -

I mean no disrespect, but would you please explain why it will take up to nearly a month from now for the barge to be arrested?  You mentioned that there are three active vessel cases, but I do not understand why that has such an impact on serving the arrest documents on the barge.  I would be grateful for your further comments.

Respectfully,

Simon Harter

**LAW OFFICES OF SIMON HARTER, ESQ.**
New Jersey Office
30 Nassau Street – Suite 460 , Princeton, New Jersey 08542
Tel: 609.688.8330 / Fax: 609.688.8331
New York Office
225 West 34th Street – 9th Floor, New York, New York 10122
Tel: 212.979.0250 / Fax: 212.979.0251

Emergency Contact: 609.577.4853
Website:  www.harterlaw.com

Confidential Communication
This communication, including any attachments, may be subject to attorney-client privilege and/or attorney work-product protection. If you are not the intended recipient, please contact us immediately by return email or at the telephone numbers indicated above. Any unauthorized use, dissemination, distribution or reproduction of this message by unintended recipients may be unlawful.  Thank you for your kind cooperation.

On February 19, 2020 at 9:32 AM "Maldonado, Minerva (USMS)" <Minerva.Maldonado@usdoj.gov> wrote:

Good morning Mr. Harter,

We generally try to schedule a vessel arrest within a week or two once the documents and deposit are received, however, there are three active vessel arrest cases at the moment in our District.

To schedule the arrest I will need a set of dates where you and the substitute custodian are available the first and second weeks of March. The substitute custodian and the plaintiff attorney must be present the day of the arrest. I will then pass this information along to the supervisor so that he can schedule it.

Respectfully,

Minerva Maldonado
Assistant Administrative Officer
United States Marshals Service
Eastern District of New York
Office (718) 473-3011

*-Enjoy the little things-*



---

**From:** Simon Harter [mailto:sharter@harterlaw.com]
**Sent:** Wednesday, February 19, 2020 8:17 AM
**To:** Maldonado, Minerva (USMS) <MMaldonado@usms.doj.gov>
**Subject:** Re: Caddell Dry Dock and Repair Co. v. Bouchard Transportation Co., Inc 1:20-cv-00685

Dear Ms. Maldonado -

Thank you for your email.

I was not aware that certified copies were required.  I will make arrange to have a court filing service go to the Clerk of Court's office to get certified copies of the documents and bring them to your office.  (I would do it myself, but I have to be in my Princeton, NJ office today).  As soon as that is accomplished, I will arrange for Mr. Steven Kalil of Caddell Dry Dock & Repair Company, Inc., (the plaintiff and substitute custodian) and I to be available for a phone call with you to discuss the arrest.

I appreciate your guidance, and I fully appreciate you have undoubtedly returned to quite a pile of work.  But I would not be properly representing my client if I did not mention that there is urgency here because the defendant, Bouchard Transportation Company, may be filing for bankruptcy protection imminently and it is therefore of critical importance to Caddell that the arrest occur before any such filing.

Thank you very much.

Respectfully,
Simon Harter

**LAW OFFICES OF SIMON HARTER, ESQ.**

<u>New Jersey Office</u>
30 Nassau Street – Suite 460 , Princeton, New Jersey 08542
Tel: 609.688.8330 / Fax: 609.688.8331
<u>New York Office</u>
225 West 34th Street – 9th Floor, New York, New York 10122
Tel: 212.979.0250 / Fax: 212.979.0251

Emergency Contact: 609.577.4853
Website:  www.harterlaw.com

<u>Confidential Communication</u>

This communication, including any attachments, may be subject to attorney-client privilege and/or attorney work-product protection. If you are not the intended recipient, please contact us immediately by return email or at the telephone numbers indicated above. Any unauthorized use, dissemination, distribution or reproduction of this message by unintended recipients may be unlawful.  Thank you for your kind cooperation.

On February 18, 2020 at 4:33 PM "Maldonado, Minerva (USMS)"
<Minerva.Maldonado@usdoj.gov> wrote:

Good afternoon Mr. Harter,

I was able to review the vessel arrest documents, however I'm going to need more copies. I will need the following:

A. (2) certified copies of the Verified Complaint

B. (2) certified copies of the order Appointing Substitute Custodian

C. (2) certified copies of the order Authorizing Issuance of Warrant of Vessel Arrest

D. (1) certified copy of the Warrant to Seize a Vessel

Once all of the documents are received I will coordinate with you and the substitute custodian to schedule a date for the arrest.

Respectfully,

Minerva Maldonado

Assistant Administrative Officer

United States Marshals Service

Eastern District of New York

Office (718) 473-3011

*-Enjoy the little things-*



- image001.jpg (2 KB)

EXHIBIT 3

CHALOS & CO, P.C.
*Attorneys for Plaintiff*
Michael G. Chalos, Esq.
Briton P. Sparkman, Esq.
Melissa Patzelt-Russo, Esq.
55 Hamilton Avenue
Oyster Bay, NY 1771
(516) 714-4300

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

| | | |
|---|---|---|
| HARTMAN YACHT MAINTENANCE, INC., | : | 19-cv-03502-SJF-AKT |
| | : | |
| Plaintiff, | : | **IN ADMIRALTY** |
| | : | |
| - v - | : | **STATUS REPORT TO** |
| | : | **COURT ON SEIZURE AND** |
| | : | **EXECUTION OF ARREST** |
| M/Y DOC HOLLIDAY, Official No. 1257841, | : | **WARRANT ON VESSEL** |
| her engines, tackle and appurtenances *in rem*, | : | |
| and Sebastian Monte, *in personam*; | : | |
| | : | |
| Defendants. | : | |

---------------------------------------------------------------X

      **COMES NOW** Plaintiff, HARTMAN YACHT MAINTENANCE, INC. (hereinafter "Plaintiff"), by and through undersigned counsel, and provides the following notice and status update to the Court:

      1.     On the evening of July 3, 2019, pursuant to this Court's Order (DE 16) authorizing the Substitute Custodian, National Maritime Services Inc. to temporarily seize and secure the M/Y DOC HOLLIDAY (Official No. 1257841, Hull No. XAX55189G506), the Vessel was seized and secured. That evening courtesy copies of all filings and Court orders were provided to the Owner and *in personam* Defendant, Sebastian Monte; and

      2.     Today, July 8, 2019 at approximately 11:15 AM, Deputy Michael Morpeau executed the Warrant of Arrest on behalf of the U.S. Marshal Service on the Vessel, *in rem*. A

1

copy of the executed USM-285 form will be filed by the U.S. Marshal Service consistent with the local practices and procedures of the Court.

       3.      Consistent with this Court's July 1, 2019 Order, custody of the Vessel remains with National Maritime Services Inc. as the authorized substitute custodian for the safekeeping of the Vessel. DE 12.

Date: July 8, 2019

Respectfully Submitted,

CHALOS & CO, P.C.

/s/ Briton P. Sparmkman
Michael G. Chalos, Esq.
Briton P. Sparkman, Esq.
Melissa Patzelt-Russo, Esq.
55 Hamilton Avenue
Oyster Bay, NY 11771
Telephone: 516-714-4300
Facsimile: 516-750-9051
michael.chalos@chaloslaw.com
bsparkman@chaloslaw.com
mrusso@chaloslaw.com

2