J. Stephen Simms (JS-8990)
Simms Showers LLP
201 International Circle
Baltimore, Maryland 21030
Tel: (443) 290-8704
Fax: (410) 510-2789
Email: jssimms@simmsshowers.com

Attorneys for Intervening Plaintiffs,
McAllister Towing of Narragansett Bay, LLC
McAllister Towing of New York, LLC
Portland Tugboat LLC
Steelstran Industries, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

Caddell Dry Dock and Repair Co., Inc.,

       Plaintiff,

       v.

Bouchard Transportation Co., Inc.,
*in personam*, BARGE B. NO. 280, *in rem*, and
B. NO. 280 CORP., *in personam*,

       Defendants.

-----------------------------------------------------------------x

McAllister Towing of Narragansett Bay, LLC
McAllister Towing of New York, LLC
Portland Tugboat LLC
Steelstran Industries, Inc.

       Intervening Plaintiffs,

       v.

Bouchard Transportation Co., Inc., *in personam* and
BARGE B. NO. 280, *in rem*,

       Defendants.

-----------------------------------------------------------------x

CASE NO.: 1:20-cv-00685 (EK-LB)

**MOTION AND MEMORANDUM TO INTERVENE AS OF RIGHT PURSUANT TO FED. R. CIV. P. 24(a)(2), FOR ISSUE OF WARRANT OF ARREST OF THE BARGE B. NO. 280, AND FOR ALTERNATIVE SERVICE OF ARREST WARRANT**

Intervening Plaintiffs McAllister Towing of Narragansett Bay, LLC and McAllister

Towing of New York, LLC, Portland Tugboat LLC and Steelstran Industries, Inc. (collectively,

"Intervening Plaintiffs") move for this Court to (1) order their intervention as of right under Fed.

R. Civ. P. 24(a)(2), providing for filing of their accompanying Verified Intervening Complaint;

(2) issue warrants of arrest of the BARGE B. No. 280, *in rem* ("Vessel") pursuant to Federal

Supplemental Admiralty and Maritime Rule C; and (3) order alternative service due both to the

U.S. Marshal's unavailability and because, of the Vessel has been arrested for some time and

presently is in the hands of plaintiff as Substitute Custodian.

## Intervening Plaintiffs' Intervention as of Right

Intervening Plaintiffs' Verified Intervening Complaint presents that each intervening

plaintiff provided tug services to the Vessel on the order of the Vessel's owner and/or operator,

Bouchard Transportation Co., Inc.  Intervening Plaintiffs McAllister Towing of Narragansett

Bay, LLC and McAllister Towing of New York, LLC, Portland Tugboat LLC hold maritime

liens *in rem* against the Vessel for these unpaid tug (towage) services, and Intervening Plaintiff

Steelstran for cordage and related supplies, both historically long-established maritime

necessaries, confirmed by statute.  46 U.S.C. § 31301(4).  Fed. R. Civ. P. 24(a)(2) states that:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest
> relating to the property or transaction that is the subject of the action, and is so situated
> that disposing of the action may as a practical matter impair or impede the movant's
> ability to protect its interest, unless existing parties adequately represent that interest.

Plaintiff Caddell here seeks, among other things, to have the Vessel sold to satisfy its claims.

Judicial sale of the Vessel would frustrate Intervening Plaintiffs' claims to arrest the Vessel in

execution on their maritime liens *in rem*, and would extinguish Intervening Plaintiffs' maritime

liens *in rem*. Plaintiff Caddell is not in a position to protect Intervening Plaintiffs' interest relating to the Vessel, since plaintiff's objective necessarily is to satisfy only its own claims.

The Vessel is already in judicial custody as of the time of this motion, and the most efficient and straightforward course, as required by this Court's Local Admiralty Rule E.2, is for McAllister Towing of Narragansett Bay, LLC and McAllister Towing of New York, LLC, Portland Tugboat LLC and Steelstran Industries, Inc. to intervene in the pending action rather than starting a completely new action. *See, e.g., Submarines Hawaii Ltd. P'ship v. Kandoo Island*, 2010 WL 4176658, at *2 (D. Haw. Oct. 19, 2010) (allowing creditor to intervene where the vessel was already under arrest by a different creditor); *Bordelon Marine, Inc. v. F/V KENNY BOY*, 2011 WL 290827, at *4 (E.D. La. Jan. 25, 2011) (same).

Local Admiralty Rule E.2 ("Intervenors' Claims") states as follows:

> (a) Presentation of Claim. When a vessel or other property has been arrested, attached, or garnished, and is in the hands of the marshal or custodian substituted therefor, anyone having a claim against the vessel or property is required to present the claim by filing an intervening complaint, and not by filing an original complaint, unless otherwise ordered by a judicial officer. Upon the satisfaction of the requirements of Federal Rule of Civil Procedure 24, the clerk shall forthwith deliver a conformed copy of the complaint to the marshal, who shall deliver the copy to the vessel or custodian of the property. Intervenors shall thereafter be subject to the rights and obligations of parties, and the vessel or property shall stand arrested, attached, or garnished by the intervenor.

> (b) Sharing Marshal's Fees and Expenses. An intervenor shall have a responsibility to the first plaintiff, enforceable on motion, consisting of the intervenor's share of the marshal's fees and expenses in the proportion that the intervenor's claim bears to the sum of all the claims. If a party plaintiff permits vacation of an arrest, attachment, or garnishment, remaining plaintiffs share the responsibility to the marshal for the fees and expenses in proportion to the remaining claims and for the duration of the marshal's custody because of each claim.

There is no intervention deadline in the case, or any Vessel sale order. McAllister Towing of Narragansett Bay, LLC and McAllister Towing of New York, LLC, Portland Tugboat LLC and

Steelstran Industries, Inc. are prepared to pay their proportion of fees and expenses pursuant to LAR E.2.

<u>**Issue of the Rule C Arrest Warrant for the Vessel**</u>

Intervening Plaintiffs each hold maritime liens *in rem* against the Vessel and this Court accordingly pursuant to Supplemental Rule C should order issue of a warrant for arrest of the Vessel as demanded in the Verified Intervening Complaint, herewith.

Pursuant to Supplemental Rule C, Intervening Plaintiffs' complaint is (a)  verified; (b) describes with reasonable particularity the Vessel, which is the property that is the subject of the action; and (c) states that the Vessel is within this District. The Verified Intervening Complaint, herewith, confirms that the condition for Intervening Plaintiffs' *in rem* action against the Vessel appear to exist, consequently "the [C]ourt must issue an order directing the clerk to issue a warrant for the arrest of the [V]essel . . . ." Supplemental Rule C(3)(a).

<u>**This Court Should Authorize Alternative Service of the Arrest Warrant**</u>

To arrest the Vessel, this Court already authorized alternative service, and with the Vessel arrested and plaintiff Caddell the substitute custodian, this Court should further authorize alternative service.

The U.S. Marshals Service has indicated that deputies are not currently available to serve admiralty process due to the Covid-19 pandemic. Even if deputies were available, the fact that both Bouchard (claimant to the Vessel) and Caddell, named as Substitute Custodian, are present before the Court and represented by counsel, confirms that both immediately will be on notice of the issue of the arrest warrant for the Vessel, by CM/ECF when posted by the Clerk and delivered by NEF to both Caddell and Bouchard counsel.

Consequently, this Court should order, providing that the Warrant for Arrest is effectively served on the Vessel, when issued by the Clerk and posted on the Court's docket ( and thereby served by NEF to Caddell and Bouchard counsel).

Intervening Plaintiffs here with submit a draft order, draft warrant of arrest, and Intervening Verified Complaint, and respectfully request this Court to grant this motion.

Dated: May 25, 2020.

/s/ J. Stephen Simms
J. Stephen Simms (*pro hac* pending)
(JS-8990)
Simms Showers LLP
201 International Circle
Baltimore, Maryland 21030
443-290-8704
Facsimile 410-510-1789
jssimms@simmsshowers.com

Intervening Plaintiffs' Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2020 I caused the foregoing Motion and Memorandum to Intervene to be filed on this Court's CM/ECF system for service on all record counsel.

/s/ J. Stephen Simms