J. Stephen Simms (JS-8990)
Simms Showers LLP
201 International Circle
Baltimore, Maryland 21030
Tel: (443) 290-8704
Fax: (410) 510-2789
Email: jssimms@simmsshowers.com

Attorneys for Intervening Plaintiffs,
McAllister Towing of Narragansett Bay, LLC
McAllister Towing of New York, LLC
Portland Tugboat LLC
Steelstran Industries, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
Caddell Dry Dock and Repair Co., Inc.,

      Plaintiff,                                     CASE NO.: 1:20-cv-00685 (EK-LB)

      v.

Bouchard Transportation Co., Inc.,
*in personam*, BARGE B. NO. 280, *in rem*, and
B. NO. 280 CORP., *in personam*,

      Defendants.
-----------------------------------------------------------------x

McAllister Towing of Narragansett Bay, LLC
McAllister Towing of New York, LLC
Portland Tugboat LLC                                    **VERIFIED INTERVENING**
Steelstran Industries, Inc.                             **COMPLAINT WITH REQUEST**
                                                        **FOR ISSUE OF**
      Intervening Plaintiffs,                  **WARRANT OF ARREST OF**
                                                        **THE BARGE B. NO. 280**
      v.

Bouchard Transportation Co., Inc., *in personam* and
BARGE B. NO. 280, *in rem*,

      Defendants.

-----------------------------------------------------------------x

Intervening Plaintiffs McAllister Towing of Narragansett Bay, LLC, McAllister Towing of New York, LLC, Portland Tugboat LLC and Steelstran Industries, Inc. (collectively, "Intervening Plaintiffs") bring this Verified Complaint against defendant BARGE B. NO. 280, *in rem* ("Vessel") and for their parallel claims against Bouchard Transportation Co., Inc. ("Bouchard") for services and goods which Intervening Plaintiffs provided on the order of Bouchard to the Vessel, *in personam*, and plead as follows:

## JURISDICTION AND VENUE

1.      This is an admiralty and maritime claim within the meaning of Fed. R. Civ. P. 9(h) as it involves claims for enforcement of a maritime lien and for unjust enrichment.

2.      This action also falls within this Court's admiralty and maritime jurisdiction under 28 U.S.C. § 1333, 46 U.S.C. § 31342, and Rule C of the Supplemental Rules of Certain Admiralty and Maritime Claims ("Supplemental Rule[s]") for arrest of the Vessel.

3.      On information and belief, the Vessel will be or is present in navigable waters within the jurisdiction of this Court during the pendency of this action, and therefore, venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.      McAllister Towing of Narragansett Bay, LLC and McAllister Towing of New York, LLC, and Portland Tugboat LLC are Delaware corporations, and Steelstran Industries, Inc. a New Jersey corporation.

5.      Defendant Vessel is U.S. flagged barge, defendant Bouchard a New York corporation.

## FACTS

6.     This is an action in admiralty, *in rem*, to enforce maritime liens for necessaries which Intervening Plaintiffs provided to the Vessel on the order of the Vessel's owner and/or operator.  These liens arise from Intervening Plaintiffs' provision of necessaries to the Vessel pursuant to 46 U.S.C. § 31342.

7.     On the order of Bouchard, which owns and/ or operated the Vessel, Intervening Plaintiffs McAllister Towing of Narragansett Bay, LLC and McAllister Towing of New York, LLC, and Portland Tugboat LLC throughout 2019 and into the first part of 2020 provided tug and tow services to the Vessel, as follows:

| | |
|---|---|
| McAllister Towing of Narragansett Bay, LLC: | $161,850.00 |
| McAllister Towing of New York, LLC: | $33,858.75 |
| Portland Tugboat LLC: | $19,200.00 |

8.     On the order of Bouchard, which owns and/or operated the Vessel, Intervening Plaintiff Steelstran in July, 2019 provided the Vessel with $3,128.70 of galvanized steel wire rope, also a maritime necessary for the Vessel.

### Count I – Breach of Contracts, Bouchard, In Personam

9.     Intervening Plaintiffs repeat the previous paragraphs.

10.     Bouchard contracted with Intervening Plaintiffs for their goods and services. Bouchard has not paid Intervening Plaintiffs as it agreed to do and has breached its contracts with  Intervening Plaintiffs, which have suffered damages as demanded below.

### Count II – Maritime Liens *In Rem* Against the Vessel

11.     Intervening Plaintiffs repeat the previous paragraphs.

12.     Intervening Plaintiffs on the order of Bouchard, the Vessel's owner and/or operator, provided maritime necessaries to the Vessel and thereby hold maritime liens *in rem* against the Vessel for the value of their goods and services.

13.     Intervening Plaintiffs have not been paid for their maritime necessaries provided to the Vessel and therefore proceed to arrest the Vessel to execute on their maritime liens *in rem*, for sale of the Vessel and satisfaction of their maritime liens *in rem* as demanded below.

## PRAYER FOR RELIEF

WHEREFORE, Intervening Plaintiffs demand judgment as follows:

A.     Against Defendant Bouchard, *in personam*, for the amount of the goods and services contracted for by Bouchard for provision to the Vessel, plus contractual attorneys fees, interest, and costs, as follows:

| | |
|---|---|
| McAllister Towing of Narragansett Bay, LLC: | $161,850.00 |
| McAllister Towing of New York, LLC: | $33,858.75 |
| Portland Tugboat LLC: | $19,200.00 |
| Steelstran: | $3,128.70 |

B.     Against the *in rem* defendant Vessel as follows:

1.     That the Clerk of this Court issue a warrant for arrest of the Vessel, commanding the United States Marshal for this District, or pursuant to alternative service of the warrant as ordered by this Court, to arrest and take into custody the Defendant Vessel and detain the same in the custody of the substitute custodian until further order of this Court;

2.     That the Court find that Intervening Plaintiffs hold valid maritime liens against the Vessel and its engines, appurtenances, furnishings, machinery, and equipment as provided by 46 U.S.C. § 31342, and by federal law construing the statute;

3.     That the Court judgment *in rem* against the Vessel, including without limitations all of its engines, machinery, tools, boats, anchors, chains, tackle, fittings, navigation

equipment, and all other equipment and appurtenances appertaining or belonging to the Vessel, whether on board or not, and order that Intervening Plaintiffs' claims of:

| | |
|---|---|
| McAllister Towing of Narragansett Bay, LLC: | $161,850.00 |
| McAllister Towing of New York, LLC: | $33,858.75 |
| Portland Tugboat LLC: | $19,200.00 |
| Steelstran: | $3,128.70 |

be asserted and executed against the Vessel for Intervening Plaintiffs' maritime liens, *in rem*, and that the Vessel be sold to satisfy Intervening Plaintiffs' maritime liens *in rem*;

4. That the Court award Intervening Plaintiffs their costs and other expenses incurred in connection with this proceeding, including without limitations, all costs incurred in *custodia legis*; and

5. That the Court grant such other legal and equitable relief as this Court deems just and proper.

Dated: May 25, 2020.

/s/ J. Stephen Simms
J. Stephen Simms (*pro hac* pending)
(JS-8990)
Simms Showers LLP
201 International Circle
Baltimore, Maryland 21030
443-290-8704
Facsimile 410-510-1789
jssimms@simmsshowers.com

Intervening Plaintiffs' Counsel

/

[Continued on Next Page]

/

**Verification for McAllister Towing of Narragansett Bay, LLC,
McAllister Towing of New York, LLC and Portland Tugboat LLC**

B. Buckley McAllister certifies as follows:  I am President of McAllister Towing of

Narragansett Bay, LLC, McAllister Towing of New York, LLC and Portland Tugboat LLC.  I

certify that the facts set out in the foregoing Verified Intervening Complaint are true, to the best

of my information and belief.   I certify under penalty of perjury that the foregoing is true and

correct.

Executed on May 25, 2020

_____
B. Buckley McAllister


**Verification for Steelstran**

I am a principal of Simms Showers LLP, counsel to Intervening Plaintiff Steelstran.  No

officer of Steelstran is present in this District to make this declaration, which Steelstran has

authorized me to make on its behalf based on facts including documents received from

Steelstran.  The facts alleged in the foregoing complaint are true and correct to the best of my

knowledge and information based upon the records of Steelstran.

Pursuant to 28 U.S.C. § 1746(1), I certify under penalty of perjury that the foregoing is

true and correct.

Executed on May 25, 2020.

/s/ J. Stephen Simms
J. Stephen Simms

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2020 I caused the foregoing Intervening Complaint to be filed on this Court's CM/ECF system for service on all record counsel.


/s/ J. Stephen Simms