J. Stephen Simms (JS-8990)
Simms Showers LLP
201 International Circle
Baltimore, Maryland 21030
Tel: (443) 290-8704
Fax: (410) 510-2789
Email: jssimms@simmsshowers.com

Attorneys for Intervening Plaintiffs,
McAllister Towing of Narragansett Bay, LLC
McAllister Towing of New York, LLC
Portland Tugboat LLC
Steelstran Industries, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x
Caddell Dry Dock and Repair Co., Inc.,

    Plaintiff,                                       CASE NO.: 1:20-cv-00685 (EK-LB)

    v.

Bouchard Transportation Co., Inc.,
*in personam*, BARGE B. NO. 280, *in rem*, and
B. NO. 280 CORP., *in personam*,

    Defendants.
-----------------------------------------------------------------------x

McAllister Towing of Narragansett Bay, LLC
McAllister Towing of New York, LLC
Portland Tugboat LLC                          **MOTION AND MEMORANDUM**
Steelstran Industries, Inc.                        **TO APPOINT SUBSTITUTE**
                                                                **CUSTODIAN AND FOR**
    Intervening Plaintiffs,                     **ALTERNATIVE SERVICE OF**
                                                                **ARREST WARRANT**
    v.

Bouchard Transportation Co., Inc., *in personam* and
BARGE B. NO. 280, *in rem*,

    Defendants.

-----------------------------------------------------------------------x

McAllister Towing of Narragansett Bay, LLC, McAllister Towing of New York, LLC, Portland Tugboat LLC and Steelstran Industries, Inc. ("Intervening Plaintiffs") move for an Order appointing National Maritime Services, Inc. ("NMS"), as Substitute Custodian for the United States Marshal in connection with the intervention by Intervening Plaintiffs for arrest of Defendant, BARGE B. No. 280 ("Vessel") and for alternative service of the warrant of arrest for Intervening Plaintiffs' claims, and in further support of the motion state as follows:

1. Intervening Plaintiffs have moved to intervene to arrest the Vessel. Caddell, Plaintiff and Substitute Custodian for the Vessel for the Plaintiff's claims in this action, has insurance coverage which will not provide for Caddell to serve as Substitute Custodian for Intervening Plaintiffs.

2. The Vessel continues to be located under arrest at Plaintiff's shipyard at 1515 Richmond Terrace, Staten Island, NY 10310.

3. Intervening Plaintiffs therefore respectfully request that this Court appoint NMS as Substitute Custodian to provide for custody of the Vessel for Intervening Plaintiffs' claims upon this Court's grant of the right of intervention to Intervening Plaintiffs.

4. As explained in the Declaration Alan Swimmer of NMS, attached as **Exhibit A hereto**, NMS is experienced in acting as a substitute custodian and has access to adequate personnel and facilities for the care, maintenance and security of the Vessel during the pendency of this action or until otherwise ordered by this Court.

5. NMS agrees to provide all services necessary for the proper custody and safekeeping of the Vessel during the substitute custodianship.

6. NMS has adequate liability insurance and assets sufficient to respond in damages for loss of or damage to the Barge sustained by third parties due to any negligence on the part of

Intervening Plaintiffs or their employees or agents committed during the period of Intervening Plaintiffs' substitute custodianship.

7. Intervening Plaintiffs will pay all outstanding bills and costs/expenses incidental to NMS maintaining custody of the Vessel for Intervening Plaintiffs' claims during the substitute custodianship will be paid by Intervening Plaintiffs in the first instance as such *in custodia legis* expenses.

8. In discharging its obligation to care for, maintain, and secure the Vessels, NMS shall comply with all orders of the Captain of the Port, United States Coast Guard, including but not limited to, an order to move the Vessels, and any applicable federal, state, and local laws, regulations, and requirements pertaining to vessel and port safety. NMS shall advise the Court, the parties to the action, and the United States Marshal, of any movement of the Vessels pursuant to an order of the Captain of the Port, United States Coast Guard, or otherwise within twenty-four hours of such Vessels movement.

8. Intervening Plaintiffs understand and accept that The United States of America, the United States Marshal, their agents, servants, employees, and others for whom they are responsible do not assume any liability or responsibility for any acts of NMS as Substitute Custodian or any costs incurred incidental to this Court appointed custodianship.

9. Intervening Plaintiffs agree to hold harmless and indemnify the United States, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible from any and all claims whatsoever arising out of NMS's possession and keeping of the Vessel.

Intervening Plaintiffs and NMS have executed a Consent and Indemnification Agreement. A copy of the Consent and Indemnification Agreement is attached hereto as **Exhibit B.**

10. Intervening Plaintiffs further request that the fees and expenses of the United States Marshal, dockage expenses, and costs incurred by NMS in acting as Substitute Custodian for Intervening Plaintiffs' and any other claims declared *custodia legis* expenses. *New York Dock Co. v. S.S. Poznan*, 274 U.S. 117, 47 S. Ct. 482, 71 L. Ed. 955 (1927); *P. T. Perusahaan Pelayaran Samudera Trikora Lloyd v. Salzach*tal, 373 F. Supp. 267,284 (E.D.N.Y. 1974) ("In the interests of equity and justice, and to prevent unjust enrichment, the Court may permit custodial liens to be created and, if necessary, paid in priority to pre-custodial liens for such expenses which have contributed to the preservation of the ship in its custody.").

A proposed form of Order is attached hereto as **Exhibit C**.

11. Considering that this Court in this action already has authorized alternative service of the initial warrant of arrest by plaintiff, and with the Vessel arrested and plaintiff Caddell the substitute custodian, this Court further should order that the Warrant for Arrest is effectively served on the Vessel, when issued by the Clerk and posted on the Court's docket (and thereby served by NEF to counsel of each party in this action).

WHEREFORE, in accordance with the representations set forth herein, and in the accompanying declaration, Intervening Plaintiffs requests this Court to enter an Order appointing NMS as the substitute custodian for Intervening Plaintiffs' claims against the Vessel and that the United States Marshal be discharged from his duties and responsibilities for the safekeeping of the Vessel and NMS's substitute custodianship of the Vessel for the pendency of this action or

until otherwise ordered by the Court.

Dated: June 19, 2020.

/s/ J. Stephen Simms
J. Stephen Simms (JS-8990)
Simms Showers LLP
201 International Circle
Baltimore, Maryland 21030
443-290-8704
Facsimile 410-510-1789
jssimms@simmsshowers.com

Intervening Plaintiffs' Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2020 I caused the foregoing Motion to Appoint Substitute Custodian to be filed on this Court's CM/ECF system for service on all record counsel.

/s/ J. Stephen Simms