108-20/JJW
FREEHILL HOGAN & MAHAR, LLP
*Attorneys for Bouchard Transportation Co., Inc.*
*Barge B. No. 280 in rem and B. No. 280 Corp.*
80 Pine Street – 25th Floor
New York, New York 10005
Telephone: (212) 425-1900
Facsimile: (212) 425-1901
John J. Walsh, Esq.
Walsh@freehill.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
CADDELL DRY DOCK AND REPAIR CO., INC.,

      Plaintiff,

 -against-

BOUCHARD TRANSPORTATION CO., INC., *in personam,*
BARGE B. NO. 280, *in rem*, and B. NO. 280 CORP., *in personam*,

      Defendants.
-------------------------------------------------------------------------x
McALLISTER TOWING OF NARRAGANSETT BAY, LLC, McALLISTER TOWING OF NEW YORK, LLC, PORTLAND TUGBOAT, LLC and STEELSTRAN INDUSTRIES, INC.,

      Intervening Plaintiffs,

 -against-

BOUCHARD TRANSPORTATION CO., INC. *in personam*
and BARGE B. NO. 280, *in rem*,

      Defendants.
-------------------------------------------------------------------------x

1:20-cv-00685-EK-LB

**ANSWER TO INTERVENING COMPLAINT**

  Defendants, Bouchard Transportation Co., Inc. and B. No. 280 Corp., in a Restricted Appearance on behalf of the Barge B. No. 280 *in rem*, by their attorneys, Freehill Hogan &

Mahar, LLP, as and for an Answer to the Verified Intervening Complaint of McAllister Towing of Narragansett Bay, LLC, McAllister Towing of New York, LLC, Portland Tugboat LLC and Steelstran Industries, Inc. allege upon information and belief as follows:

1. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 1, 2, 6, 7 and 8 of the Verified Intervening Complaint.

2. Admit that the Barge B. No. 280 is currently afloat at the facility of Caddell Dry Dock and Repair Co., Inc. in Staten Island, New York, but except as so admitted, deny knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 3 of the Verified Intervening Complaint.

3. Admit the allegations in paragraphs 4 and 5 of the Verified Intervening Complaint.

## ANSWER TO COUNT I

4. Repeat and reallege each and every response to each and every allegation in paragraphs 1 though 8 of the Verified Intervening Complaint.

5. Deny the allegations contained in paragraph 10 of the Verified Intervening Complaint.

## ANSWER TO COUNT II

6. Repeat and reallege each and every response to each and every allegation in paragraphs 1 though 10 of the Verified Intervening Complaint.

7. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 12 and 13 of the Verified Intervening Complaint.

2

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

8. The Verified Intervening Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

9. The Verified Intervening Complaint should be dismissed to failure to conditions precedent in performing the services and providing the supplies.

### THIRD AFFIRMATIVE DEFENSE

10. The Verified Intervening Complaint is barred by the statute of limitations or laches.

### FOURTH AFFIRMATIVE DEFENSE

11. The contractual claims are barred by the doctrine of full performance.

### FIFTH AFFIRMATIVE DEFENSE

12. The claims in the Verified Intervening Complaint are barred by waiver and/or estoppel.

### SIXTH AFFIRMATIVE DEFENSE

13. Intervening Plaintiffs have failed to mitigate their damages.

### SEVENTH AFFIRMATIVE DEFENSE

14. The claims in the Verified Intervening Complaint fail for lack of consideration.

### EIGHTH AFFIRMATIVE DEFENSE

15. The claims in the Verified Intervening Complaint fail due to breach of warranty of workmanlike performance.

## NINTH AFFIRMATIVE DEFENSE

16. Intervening Plaintiffs have failed to make service of process on Bouchard Transportation Co., Inc.

**WHEREFORE**, B. No. 280 Corporation in a Restricted Appearance on behalf of the Barge B. No. 280 *in rem* and Bouchard Transportation Co., Inc. respectfully request that the court dismiss the Verified Intervening Complaint and enter judgment in favor of the Barge B. No. 280 *in rem* and Bouchard Transportation Co., Inc. together with the costs and attorney's fees in defending the action and for such other and further relief as this court may deem just and proper.

Dated: New York, New York
July 2, 2020

        FREEHILL HOGAN & MAHAR, LLP
        *Attorneys for Bouchard Transportation Co., Inc.,*
        *Barge B. No. 280 and B. No. 280 Corp.*

By: _____
        John J. Walsh
        80 Pine Street – 25th Floor
        New York, New York 10005
        Telephone: (212) 425-1900
        Facsimile: (212) 425-1901
        Walsh@freehill.com

TO: Simon Harter, Esq.
    Law Offices of Simon Harter, Esq.
    *Attorneys for Plaintiff*
    *Caddell Dry Dock and Repair Co., Inc.*
    225 West 34th Street, 9th Floor
    New York, New York 10122

Stephen Simms, Esq.
Simms Showers, LLP
*Attorneys for Intervening Plaintiffs*
*McAllister Towing of Narragansett Bay, LLC*
*McAllister Towing of New York, LLC*
*Portland Tugboat LLC*
*Steelstran Industries, Inc.*
201 International Circle
Baltimore, Maryland  21030