```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------x

CADDELL DRY DOCK AND REPAIR                    ORDER
CO., INC.
              Plaintiff,                       20-CV-0685 (EK)(LB)

       v.

BOUCHARD TRANSPORTATION CO.,
INC. ET AL,

              Defendants.
---------------------------------------------x
```

ERIC KOMITEE, United States District Judge:

On May 25, 2020, McAllister Towing of Narragansett Bay, LLC, McAllister Towing of New York, LLC, Portland Tugboat LLC and Steelstran Industries, Inc. ("Intervening Plaintiffs") filed a motion to intervene as of right under Fed. R. Civ. P. 24(a)(2) and a motion for issuance of an arrest warrant against *in rem* Defendant Barge B. No. 280. *See* Dkt. No. 28. On June 10, 2020, this Court granted the motion to intervene and directed the Intervening Plaintiffs to file their Verified Intervening Complaint as a new docket entry. *See* Order dated June 10, 2020. The Order further directed the Intervening Plaintiffs to file supplemental evidence in support of the motion for an arrest warrant demonstrating the existence of a contract between themselves and Defendant Bouchard Transportation Corp. for the necessaries provided to Barge B.

No. 280 and the amounts of payment allegedly owed.  *See id.* Intervening Plaintiffs responded with supplemental evidence as well as a motion to appoint a substitute custodian and requesting the Court to authorize alternative service of the arrest warrant.

### I. Motion for Issuance of Arrest Warrant

In further support of their motion for issuance of an arrest warrant, Intervening Plaintiffs submitted (1) the Affidavit of Captain Steven J. Kress, the General Manager and Vice President of Operations for McAllister Towing of New York, LLC, McAllister Towing of Narragansett Bay, LLC and Portland Tugboat LLC, *see* Dkt. No. 33-1; and (2) the Affidavit of Erik Gronbeck, the Vice President and Owner of Steelstran Industries, Inc.  *See* Dkt. No. 33-2.  Both affidavits state that Intervening Plaintiffs did not have written contracts with Defendant Bouchard, but they describe the nature of their business relationships and the processes through which Intervening Plaintiffs entered into agreements with Bouchard to provide supplies and perform services.[1]  Both affidavits provide copies

---

[1] Specifically, the Kress Affidavit explains that Bouchard communicated its orders to the McAllister companies and Portland Tugboat by telephone or email, and the companies would issue invoices to Bouchard in the agreed-upon amounts after performing the work.  *See* Dkt. No. 33-1 ¶ 4.  The Gronbeck Affidavit states that Bouchard would issue purchase orders for certain products and that Steelstran would issue an invoice once the products were provided.  *See* Dkt. No. 33-2 ¶ 6.

2

of the relevant invoices sent to Bouchard on behalf of Intervening Plaintiffs for necessaries provided to Barge B No. 280.  They show that McAllister Towing of New York issued invoices totaling $35,008.75; McAllister Towing of Naragansett Bay issued invoices totaling $161,850.00; Portland Tugboat issued invoices totaling $19,200.00; and Steelstran issued one invoice totaling $3,128.70.  Steelstran also provides a copy of a purchase order from Bouchard, confirming the agreed-upon pricing.

      The Court finds that this documentation, in combination with the Intervening Plaintiffs' Verified Complaint, is sufficient to demonstrate that the conditions for an *in rem* action against the Barge No. 280 "appear to exist" as required for the court to issue an arrest warrant under Rule C of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions.  *See* Supplemental Rule C(3)(A)(i) ("The court must review the complaint and any supporting papers.  If the conditions for an in rem action appear to exist, the court must issue an order directing the clerk to issue a warrant for the arrest of the vessel or other property that is the subject of the action.").  Intervening Plaintiffs' motion for issuance of an arrest warrant is therefore granted.

**II. Motion for Appointment of Substitute Custodian and Alternative Service of Arrest Warrant**

Intervening Plaintiffs also submitted a motion for the appointment of a substitute custodian and alternative service of the arrest warrant. *See* Dkt. No. 34. First, Intervening Plaintiffs request that the Court appoint National Maritime Services, Inc. ("NMS") as Substitute Custodian for the United States Marshal in connection with the Intervening Plaintiffs' claims on Barge B. No. 280. Intervening Plaintiffs note that, while the vessel continues to be located under arrest at the shipyard of Caddell Dry Dock and is already under Caddell's substitute custodianship, the insurance coverage held by Caddell will not cover the Intervening Plaintiffs' claims. *Id.* ¶ 1. However, Intervening Plaintiffs have not cited any legal authority – nor is the Court aware of any – demonstrating that this is a valid basis on which to appoint a second custodian to secure a vessel that is already under arrest and already subject to substitute custodianship.[2]

Second, the Intervening Plaintiffs request alternative service of the arrest warrant. Instead of directing the U.S. Marshal to physically serve the arrest warrant on the vessel,

---

[2] In the event the vessel was to be released from Caddell's substitute custodianship, the Court would consider a renewed request by Intervening Plaintiffs to appoint a substitute custodian.

4

they propose that the Court consider the arrest warrant to be effectively served when it is issued by the Clerk of Court and posted on the Court's docket.  In this motion and their earlier motion to intervene (Dkt. No. 28), they identify several reasons for alternative service:  (1) the U.S. Marshals are not currently executing vessel arrests in light of the COVID-19 pandemic; (2) in-person service is not necessary for physically securing the vessel because it is already under arrest; (3) in-person service is not necessary to provide notice of the arrest warrant because the parties will receive electronic notice via ECF; and (4) the Court authorized alternative service in this case before.  *See* Dkt. No. 34 ¶ 11; Dkt. No. 28 at 4.

However, Intervening Plaintiffs have not presented evidence of a risk that Barge B. No. 280 will be moved out of the Eastern District of New York, which justified the earlier authorization of alternative service in this case.  *See* Dkt. No 18 (order deputizing Plaintiff's counsel to serve arrest warrant on Barge B. No. 280 following Plaintiff's submission of evidence that there was an imminent risk the vessel would leave this district).  *See also Hartman Yacht Maintenance, Inc. v. M/Y Doc Holliday, Official No. 1257841, et al*, No. 19-cv-3502 (SJF) (AKT), Dkt. Nos. 14, 14-1 (E.D.N.Y. 2019) (request for alternative service cited risk that vessel would depart

5

jurisdiction over holiday weekend when U.S. Marshals were unavailable to serve arrest warrant); *Dry Bulk Singapore Pte. Ltd. v. Amis Integrity S.A. et al*, No. 3:19-cv-1671 (BR), Dkt. Nos. 8-9 (D. Or. 2019) (request for alternative service based on evidence that subject vessel was imminently scheduled to depart for an international destination, before U.S. Marshals would be available to serve arrest warrant).

Here, there is no demonstrated risk that the vessel will be moved from the district, as it is already under arrest and subject to substitute custodianship.  There has been no application by the parties to release the vessel from Caddell's custodianship to date.  Nor do Intervening Plaintiffs submit authority supporting the other grounds for alternative service that they assert.  The motion to appoint a substitute custodian and to authorize alternative service of the arrest warrant is therefore denied, without prejudice for re-application if circumstances change materially in the future.

### III. Conclusion

For the reasons set forth above, Intervening Plaintiff's motion for issuance of an arrest warrant is hereby granted, and Plaintiff's motion to appoint a substitute custodian and to authorize alternative service is denied without prejudice.  Accordingly, it is hereby:

6

ORDERED that the Clerk of Court issue a Warrant of Vessel Arrest for the BARGE B. NO. 280, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., ("Vessel"); and it is further

ORDERED that the United States Marshals Service for the Eastern District of New York seize the Vessel, serve a copy of this Order, the Verified Intervening Complaint, and the Warrant on the person in charge of the Vessel or her agent, and return the proof of service promptly.

SO ORDERED.

/s/ Eric R. Komitee
ERIC R. KOMITEE
United States District Judge

Dated: Brooklyn, New York
       July 23, 2020