**SIMMS·SHOWERS** LLP

INTERNATIONAL PRACTICE. PERSONAL COMMITMENT.

J. STEPHEN SIMMS
PRINCIPAL
JSSIMMS@SIMMSSHOWERS.COM
443.290.8704

July 31, 2020

**BY CM/ECF**

Hon. Eric R. Komitee
United States District Judge for the
 Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Caddell Dry Dock and Repair Co., Inc. v. Bouchard Transportation Co., Inc., et al.*, Case #: 1:20-cv-00685-EK-LB

**Pre-Motion Conference Request – Fed. R. Civ. P 56 Motion**

Dear Judge Komitee:

      We write for intervening plaintiffs McAllister Towing of Narragansett Bay, LLC, McAllister Towing of New York, LLC, Portland Tugboat LLC and Steelstran Industries, Inc. (collectively, "Intervening Plaintiffs") pursuant to your Honor's Individual Practices and Rules, to request a pre-motion conference on Intervening Plaintiffs' expected Fed. R. Civ. P. 56 motion for summary judgment on their *in personam* claims against Bouchard Transportation, and *in rem claims* against the Barge No. B-280.

      Intervening Plaintiffs also as a part of that expected motion, would move that the Court order pursuant to Fed. R. Civ. P. 54 there is no just reason for delay and that the judgment be final, and that there be no Fed. R. Civ. P. 62 execution stay.

      The basis for the motion is that as the Verified Intervening Complaint details, McAllister Towing of Narragansett Bay, LLC, McAllister Towing of New York, LLC, and Portland Tugboat LLC each provided tug assist services to the Bouchard-managed Barge No. B-280 on order of Bouchard, invoiced Bouchard , and Bouchard never paid the invoices.  There is no material fact dispute, nothing for discovery, and this Court therefore should enter summary judgment *in personam* against Bouchard and *in rem* against the Barge No. B-280 in the principal amounts as follows:

      McAllister Towing of Narragansett Bay, LLC: $161,850.00
      McAllister Towing of New York, LLC: $33,858.75
      Portland Tugboat LLC: $19,200.00

      Similarly on Bouchard's order, Intervening Plaintiff Steelstran in July, 2019 provided the Barge No, B-280 with $3,128.70 of galvanized steel wire rope, also a maritime necessary for the Vessel, invoiced Bouchard, but Bouchard did not pay Steelstran.  There is no material fact dispute, nothing for discovery, and this Court therefore should enter summary judgment *in personam* against Bouchard and *in rem* against the Barge No. B-280 for Steelstran in the $3,128.70 principal amount.

      This Court further should award prejudgment interest on all amounts at the maritime rate, generally measured at the 3 month T-bill interest rate, and costs.

Hon. Eric R. Komitee
July 31, 2020
Page 2

      There is no just reason to delay final judgment, or to stay execution, and the final summary judgment should so state pursuant to Fed. R. Civ. P. 54 and 62(a).

      This Court ordered Bouchard Transportation to appear by counsel, by July 29, 2020; Bouchard has not appeared; Bouchard's answer to Intervening Plaintiffs' complaint also was due on the 29th and there has been no answer or response. Intervening Plaintiffs therefore have requested a Clerk's Certificate of Default [ECF 42]. As the Court is aware, however, even should the Clerk enter default and the Court then enter default judgment, Bouchard nevertheless may appear by counsel at some point and move to vacate default and default judgment.

      Because Bouchard Transportation presently is unrepresented, we are copying Bouchard's principal, Morton S. Bouchard, III with this letter.

      Intervening Plaintiffs have been unpaid for over a year and consequently would make the anticipated motion, so that there will be a final, enforceable judgment.

                                                    Respectfully Submitted,

                                                    J. Stephen Simms

Copy to: Morton S. Bouchard, III – email MSBIII@bouchardtransport.com

All Record Counsel by CM/ECF